UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:13-CR-123 |
| v. | ) |
| | ) JUDGES VARLAN/GUYTON |
| KELLY LOUISE FITZMAURICE | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Kelly Louise Fitzmaurice and the defendant's attorney, Bobby E. Hutson, have agreed upon the following:

1. The defendant will plead guilty to the following counts in the indictment:

    a) Count One. Distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1).

    The punishment for this offense is as follows. Imprisonment for a period of not less than five years and not more than twenty years, a period of supervised release of not less than five years and up to life, a fine of up to $250,000, a special assessment of $100, and forfeiture and restitution in accordance with law.

    b) Count Two. Possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

    The punishment for this offense is as follows. Imprisonment for a period of not more than ten years, a period of supervised release of not less than five years and up to life, a fine of up to $250,000, a special assessment of $100, and forfeiture and restitution in accordance with law.

2. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because

the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crimes must be proved beyond a reasonable doubt:

    a) <u>Receipt of Child Pornography</u>

        (1) The defendant knowingly received child pornography, as defined in 18 U.S.C. § 2256(8), or material which contained such child pornography; and

        (2) Such items of child pornography or material containing such child pornography had been mailed, (or using any means or facility of interstate or foreign commerce) shipped or transported in interstate or foreign commerce, by any means, including by computer; and

        (3) The defendant knew that such items or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

    b) <u>Possession of Child Pornography</u>

        (1) The defendant knowingly possessed child pornography, as defined in 18 U.S.C. § 2256(8), or material which contained such child pornography; and

        (2) Such items of child pornography or material containing such child pornography had been mailed, (or using any means or facility of interstate or foreign commerce) shipped or transported in interstate or foreign commerce, by any means, including by computer; and

        (3) The defendant knew that such items or material constituted or contained child pornography as defined in 18 U.S.C. § 2256(8).

    3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other

facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) On or about April 11, 2012, the defendant engaged in an online chat through the Gigatribe service on the Internet with an FBI investigator who was acting in an undercover capacity. During this chat, the defendant provided the investigator with a password that permitted access to files on the defendant's computer. Using the access that the defendant had provided, the investigator downloaded files and videos of child pornography, including those depicting the anal, vaginal or oral penetration of prepubescent females and toddlers.

b) The Gigatribe profile for the account maintained by the defendant provided the defendant's correct date of birth, the first name "Kelly," and stated the following:

> "I'm a closet pedo I guess you can say. I love pthc and can't seem to get enough. Really seems to be an addiction, lol I love to have no age limit chats, usually on yahoo (grn, eyed). My fave age range is 0-10. Want to know more just ask.

Based upon identification of the defendant's Internet Protocol (IP) address, as associated with the online activities described above, investigators found that she resided in Pigeon Forge, Tennessee, within the Eastern District of Tennessee.

c) A federal search warrant was executed at the defendant's residence in Pigeon Forge on May 22, 2012, and the defendant agreed to speak with the agents. The defendant stated that she had used Gigatribe for approximately a year and that she searched for content involving underage children and "toddlers." The defendant told the agents that she had approximately 60 pictures of children and approximately 20 videos.

d) A forensic examination of the defendant's Acer laptop computer found 28 videos and 277 images of child pornography, including depictions of known child victims, and sexually explicit images of prepubescent children and portrayals of sadistic or masochistic conduct.

3

e) The parties to this agreement stipulate, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, that the following sentencing enhancements under the Sentencing Guidelines are applicable to the defendant's offenses: § 2G2.2(b)(2) (material involving a prepubescent minor or a minor who has not attained the age of 12 years); § 2G2.2(b)(4) (material portraying sadistic or masochistic conduct or other descriptions of violence); § 2G2.2(b)(6) (use of a computer); and § 2G2.2(b)(7) (D) (more than 600 images). The parties further stipulate, in accordance with Fed. R. Crim. P. 11(c)(1)(B), that the following sentencing enhancement under the Sentencing Guidelines is not applicable to the defendant's offenses: § 2G2.2(b)(3)(B) (distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain).

4. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

   a) the right to plead not guilty;

   b) the right to a speedy and public trial by jury;

   c) the right to assistance of counsel at trial;

   d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

   e) the right to confront and cross-examine witnesses against the defendant;

   f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

   g) the right not to testify and to have that choice not used against the defendant.

5. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term of imprisonment, any lawful fine, and any lawful term of supervised release up to the statutory maximum;

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea. The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offenses, including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw

such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 2252A, and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in the possession or control of the defendant or the defendant's nominees. The defendant specifically agrees to forfeit the defendant's interest in the following property: One Acer laptop computer (serial number LXAX90X107650) and charger (serial number 105E71601). The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

6

9. The defendant agrees that the court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victims of any offense charged in this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offenses.

10. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amounts shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.

The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

      b)     The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      c)     If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11.    a)     In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the district court or above any mandatory minimum sentence deemed applicable by the district court, whichever is greater.

      b)     In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's convictions and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

12.    The defendant acknowledges that he has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where she resides; (2) where she is employed; and (3) where she is a student. The defendant understands that the requirements for

8

Case 3:13-cr-00123-TAV-JEM Document 13 Filed 01/15/14 Page 8 of 10 PageID #: 33

registration include providing: (1) her name; (2) her residence address; and (3) the names and addresses of any places where she is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

9

14. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
UNITED STATES ATTORNEY

1/14/2014
Date

By: *[signature]*
Frank M. Dale, Jr.
Assistant United States Attorney

1/14/14
Date

*[signature]*
Kelly Louise Fitzmaurice
Defendant

1/14/14
Date

*[signature]*
Bobby E. Hutson
Attorney for the Defendant

10