UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:13-CR-123 |
| | ) | CHIEF JUDGE VARLAN |
| KELLY LOUISE FITZMAURICE, | ) | |

### UNITED STATES' SENTENCING MEMORANDUM
### AND RESPONSE TO OBJECTIONS
### TO PRESENTENCE INVESTIGATION REPORT

The United States of America, by the United States Attorney for the Eastern District of Tennessee submits the following sentencing recommendations with respect to the defendant, Kelly Louise Fitzmaurice. For the reasons set forth herein, the United States respectfully requests that Fitzmaurice receive a sentence within the Guideline range of 151 to 188 months. Such a sentence would be consistent with the nature of Fitzmaurice's offense and the factors set forth in 18 U.S.C. § 3553. The United States also requests that the defendant's objections to the presentence report ("PSR") be overruled.

## ANALYSIS

The first step in sentencing a defendant in the wake of *United States v. Booker*, 543 U.S. 220, 245 (2005), is to calculate correctly the Guidelines range and to recognize the advisory nature of that range. *Gall v. United States*, 552 U.S. 38, 51

(2007). It is the Government's position that the PSR contains the correct calculation of the advisory Guidelines range in this case, which should be adopted as the advisory Guidelines range by the Court. Second, a sentencing court post-*Booker* is required to impose a sentence that is "sufficient but not greater than necessary," 18 U.S.C. § 3553(a), to "comport with the goals of criminal justice." *United States v. Denny*, 653 F.3d 415, 420 (6th Cir. 2011). To assist the Court in that task, § 3553(a) lists factors that should be considered in imposing a sentence. *Id.*

### a. *The factors stated in 18 U.S.C. § 3553(a)(2) favor the imposition of a Guideline sentence.*

As the Court and the defendant are aware, the sentence to be imposed should be "sufficient, but not greater than necessary" to meet the following needs as set forth in 18 U.S.C. § 3553(a)(2):

- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

- (B) to afford adequate deterrence to criminal conduct;

- (C) to protect the public from further crimes of the defendant; and

- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

An analysis of each of these factors supports the imposition of a Guideline sentence in the instant case.

2

### (1) *Seriousness of the offense*

The possession and distribution of child pornography are serious offenses, as evidenced by the statutory penalties imposed by Congress for such crimes. Possession of child pornography carries a potential sentence of up to ten years in prison. 18 U.S.C. § 2252A(a)(5)(B), (b)(2). Distribution of child pornography carries a mandatory minimum sentence of five years, with a statutory maximum of twenty years. 18 U.S.C. § 2252A(a)(2), (b)(1). A Guideline sentence is necessary in this case to reflect the seriousness of Fitzmaurice's offenses, to promote respect for the law, and to provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

### (2) *Deterrence*

A Guideline sentence is also warranted under Section 3553(a)(2)(B) and the need for a sentence that would deter future criminal conduct. From the standpoint of sentencing, deterrence takes two forms: (1) specific deterrence, to deter similar crimes by the defendant who is being sentenced, and (2) general deterrence, to deter criminal actions by others who may contemplate committing similar offenses. Both forms of deterrence are needed in this case.

Fitzmaurice's own words provide the best proof of the need for specific deterrence. In the profile for the Gigatribe account that she maintained, Fitzmaurice described herself as a "closet pedo," who "love[s] pthc and can't seem to get enough"

3

(*See* PSR at ¶ 9) That description was consistent with the defendant's collection, which consisted of 277 still images of child pornography and 28 videos. Among those items were depictions of known child victims, sexually explicit images of prepubescent children, and portrayals of sadistic or masochistic conduct. *Id.* at ¶ 11. From the facts of the case, it is clear that the defendant enjoyed obtaining and viewing child pornography, and the sentence that she receives should be sufficiently severe to deter her from engaging in such acts in the future.

Equally important is the need for *general* deterrence. With the proliferation of computers and high-speed Internet, child pornography has become easy to obtain, maintain and hide from law enforcement detection. A Guideline sentence is needed to deter others who might contemplate committing offenses similar to those committed by Fitzmaurice.

### (3) *Protecting the public*

Title 18, United States Code, Section 3553 (a)(2)(C) states that the Court should consider the extent to which a sentence is needed to protect the public from further crimes by a defendant. This factor also favors the imposition of a Guideline sentence.

When interviewed by investigators on May 22, 2012 – the date that a federal search warrant for Fitzmaurice's computer was executed – she stated that she used Gigatribe to look for images of underage children, including "toddlers." More

disturbing, however, is an online chat session between Fitzmaurice (using the Gigatribe screen name "Grneyed") and an undercover FBI agent (using the name "Im4pthc"), an excerpt of which reads as follows:[1]

```
Im4pthc (11/04 12:17) > cool   are u active at all with any little ones?
Grneyed (11/04 12:17) > no, u?
Im4pthc (11/04 12:17) > no...too nervous
Grneyed (11/04 12:18) > i hear ya on that
Im4pthc (11/04 12:18) > have u ever tried?
Grneyed (11/04 12:18) > have never had the chance and scared of getting caught.
Im4pthc (11/04 12:19) > yeah
```

From this exchange, it is appears that Fitzmaurice would have engaged even in contact offenses with minors, had the opportunity arisen and had she not feared being caught.

The nature of the continued danger to the public presented by Fitzmaurice is further illustrated by the forms of child pornography that she chose to collect. The videos in her collection are nightmarish, portraying the vaginal and anal rape of young girls by adult men. At least one video file contains audio as well, so that the young girl's cries can be heard. And although the defendant presently claims that "she did not commit the instant offense for sexual gratification, but rather . . . sees herself as the children in the images," (PSR at 56) this explanation is inconsistent with statements that she made earlier when trying to obtain child pornography. As

---

[1] During the sentencing hearing, an agent will be available to admit into evidence the document that is quoted in this section of the memorandum.

5

Fitzmaurice told the investigator during the same undercover chat that is excerpted above, "dad/dau is just so erotic to me."

As it appears that Fitzmaurice derived gratification from viewing the forcible rape of children, the danger to the public presented by this defendant is palpable. The need for protection of the public strongly favors the imposition of a Guideline sentence.

### (4) The need for medical treatment

In determining the appropriate sentence in accordance with 18 U.S.C. § 3553, the Court is also guided by the statute to consider the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2)(D). The PSR details various physical and mental health issues that should be considered by the Court in imposing a sentence. PSR at ¶¶ 55-56.

### b. The defendant's objections to the PSR should be overruled.

The defendant has filed Objections to the Presentence Investigation Report (Docket No. 17), addressing issues related to restitution and supervised release. These objections should be overruled.

6

### 1. *Paragraph 21 – restitution to victims.*

Undersigned counsel has conferred with the two attorneys representing the victims that have filed restitution requests in this case. Attorney Carol Hepburn, who represents the victim in the "Vicky" series of child pornography, has decided not to pursue restitution from Fitzpatrick, based upon her limited resources to pay. Attorney Tanya Hankins, with the Law Office of Erik L. Bauer, who represents the victims in the "8 Kids Series," formally known as the "Erik" series, has stated that in light of the circumstances surrounding this case (*i.e.*, Fitzmaurice's limited resources), her clients will accept $500 in restitution.

Counsel for the Government has conferred with counsel for the defendant and an agreement has been reached that $500 is an appropriate amount of restitution. Accordingly, the objection regarding Paragraph 21 of the PSR has been rendered moot.

### 2. *Paragraph 70 – restrictions on association with minors*

The defendant requests a modification of the condition of supervised release that is found in Local Rule 83.10(b)(3). The modified language that is proposed by the defendant would eliminate the prohibition on the defendant's unrestricted association with minor children. In light of Fitzmaurice's own expressions of interest in children, as contained in the undercover communication that is excerpted earlier in

7

this memorandum, she should not have the opportunity to associate with minors without approval. The specific restrictions that are recommended in paragraph 70 are appropriate and the defendant's objection should be overruled.

### 3. *Paragraph 72 – possession of materials for deviant sexual arousal*

The defendant proposes that the Court remove entirely the proposed condition for supervised release found in Local Rule 83.10(b)(5), which would bar the defendant from possessing "any printed photographs, paintings, recorded material, or electronically produced materials that he/she may use for the purpose of deviant sexual arousal." PSR at ¶ 72. In the alternative, she suggests that the term "deviant sexual arousal" be replaced with "arousal of sexual interest in children."

Given the nature of the defendant's offenses, the outright removal of the proposed condition is plainly unacceptable. The defendant correctly notes, however, that the Sixth Circuit offered the language that she now proposes – "arousal of sexual interest in children" – as a "more definite" alternative to "deviant sexual arousal." *United States v. Arnold*, 549 Fed. Appx. 491, 499 (6th Cir. 2013). Still, the Sixth Circuit in *Arnold* did not find plain error in the imposition of the special condition found in Local Rule 83.10(b)(5). *Id.* Absent any clear indication that the more general term, "deviant sexual arousal," would be interpreted in a manner unrelated to the

defendant's rehabilitation and the protection of the public, there is no reason for the Court to abandon or change that term.

### 4. Paragraphs 74 – psychosexual assessment

Consistent with Local Rules 83.10(b)(6) paragraph 74 of the PSR proposes that the defendant submit to a psychosexual assessment. Fitzmaurice asks that this paragraph provide specifically that she not be subjected to plethysmography testing, and notes that the writer of the PSR has stated that this testing procedure is not requested by the probation office for this defendant. The United States would oppose modifying the special conditions for supervised release in a manner that would state which forms of psychosexual testing are appropriate or inappropriate. The determination of the most appropriate form of testing should be left to the psychologist or psychiatrist who is given the task of ordering the assessment. Should the selected means of testing seem objectionable to the defendant, she could seek modification of the terms of release at that time.

### 5. Paragraphs 75 – polygraph testing

The defendant objects to the use of polygraph testing, to the extent this may be used for the purpose of determining if she "is in compliance with the conditions of supervision." PSR at ¶ 75. Such a use of polygraph testing, however, is appropriate. In light of the defendant's interest in child pornography and her demonstrated ability

9

to amass a large collection of such material through peer-to-peer sharing, monitoring her compliance with the terms of supervised release is a necessity. As discussed above, child pornography has become increasingly easier to obtain and conceal from law enforcement. Moreover, the evidence obtained in this case suggests a strong likelihood that the defendant has a sexual interest in young children. To the extent the probation officer finds it helpful to use polygraph testing to ensure that Fitzmaurice is complying with her terms of release (*i.e.*, abstaining from contact with children, not possessing images for deviant sexual arousal, etc.), the defendant's conditions for release should provide for the use of such testing. Accordingly, this objection should be overruled.

### 6. *Paragraph 77 – searches by a U.S. Probation Officer*

Finally, the defendant seeks modification of the condition imposed by paragraph 77 of the PSR, and a provision that some specific legal standard must be followed by the probation officer when seeking to search the defendant. For instance, the defendant suggests that searches be permitted only if the probation officer has "reasonable suspicion" that a condition of supervised release has been violated or that the defendant has engaged in unlawful conduct. The United States would oppose such a modification. Although the condition does not specify any particular legal standard for conducting a search, it is not without restrictions. For

10

instance, the condition provides that the searches be conducted "at a reasonable time and in a reasonable manner." PSR at ¶ 77. In addition, such a search can be done only for the purpose of "determin[ing] if the defendant is in compliance with conditions of supervision." The language of the condition contains adequate safeguards and there should not be an additional requirement that the probation officer articulate a reasonable suspicion to justify a search. Accordingly, the objection should be overruled.

## CONCLUSION

For the reasons set forth above, the United States recommends that the defendant Kelly Fitzmaurice receive a sentence within the Guideline range of 151 to 188 months. In addition, the Court should overrule the objections to the PSR and order the defendant to pay restitution in the amount of $500.

    Respectfully submitted,

    WILLIAM C. KILLIAN
    United States Attorney

By  s/ Frank M. Dale, Jr.
    FRANK M. DALE, JR.
    Assistant United States Attorney
    800 Market Street, Suite 211
    Knoxville, TN 37902
    (865) 545-4167

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                s/ Frank M. Dale, Jr.
                                                FRANK M. DALE, JR.
                                                Assistant United States Attorney

12

Case 3:13-cr-00123-TAV-JEM   Document 22   Filed 05/19/14   Page 12 of 12
PageID #: 99