UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:13-CR-123 |
| | ) Judges Varlan/Guyton |
| KELLY LOUISE FITZMAURICE | ) |

### AGREED PRELIMINARY ORDER OF FORFEITURE

On August 20, 2013, an Indictment was filed charging the defendant, KELLY LOUISE FITZMAURICE, in Count One with knowingly distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and in Count Two with, knowingly possessing a computer disk that contained three or more images of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) & (b)(2).

In the forfeiture allegations of the Indictment in the above-styled case, the United States sought forfeiture of the interest of the defendant, KELLY LOUISE FITZMAURICE, pursuant to 18 U.S.C. § 2253, in any visual depiction containing child pornography; in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and any property used or intended to be used to commit or promote the commission of any offense, as alleged in the Indictment, including but not limited to the following property:

> One Acer laptop computer (serial number LXAX90X107650) and
> charger (serial number 105E71601)

On January 15, 2014, a Plea Agreement was filed, wherein the defendant, KELLY LOUISE FITZMAURICE, agreed to plead guilty to violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and 2252A(a)(5)(B) and (b)(2) and agreed to forfeit her interest in any and all child pornography and assets and property that were used and intended to be used in any manner to commit or to promote the commission of the offenses set forth in the Indictment, and/or any and

all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activity which are in the possession or control of the defendant or the defendant's nominees, pursuant to 18 U.S.C. § 2253, including but not limited to the following property:

> One Acer laptop computer (serial number LXAX90X107650) and
> charger (serial number 105E71601)

The Court accepted the guilty plea of the defendant, KELLY LOUISE FITZMAURICE, on February 12, 2014, and by virtue of the guilty plea and conviction, the Court has determined that the property identified above is subject to forfeiture pursuant to 18 U.S.C. § 2253. The United States has established the requisite nexus between the property and the offense. Further, the United States is now entitled to seize the property, pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(b), and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. That based upon the plea of guilty by the defendant, KELLY LOUISE FITZMAURICE, to the violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) and 2252A(a)(5)(B) and (b)(2), the United States is hereby authorized to seize the following property, and the same is hereby forfeited to the United States for disposition in accordance with law, pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(b). The property to be seized includes, but is not limited to the following:

> One Acer laptop computer (serial number LXAX90X107650) and
> charger (serial number 105E71601)

2. That the aforementioned forfeited property is to be held by the Federal Bureau of Investigation, or its designated representative, until the investigation is complete. At the conclusion of the investigation and the complete erasure of the hard drives, the Federal Bureau of

Investigation is directed to turn over custody of the computer equipment to the United States Marshals Service for completion of the forfeiture in this case, in accordance with law, subject to the provisions of 18 U.S.C. § 2253(b) and 21 U.S.C. § 853.

3. That pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States hereby gives notice of its intent to dispose of the forfeited property in such a manner as the United States Attorney General may direct. The Notice shall provide that any person other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within sixty (60) days from the first day of publication of this Notice on the official United States Government internet website, which is www.forfeiture.gov.

4. That the notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person, as a substitute for published notice as to those persons so notified.

5. That upon adjudication of all other or third-party interests in the property, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 2253(b), in which all interests will be addressed.

6. That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to the Federal Rules of Criminal Procedure Rule 32.2(e).

7. That the Clerk of this Court shall provide a certified copy of this Order to the United States Attorney's Office.

ENTER:

*[signature]*

THOMAS A. VARLAN
CHIEF UNITED STATES DISTRICT JUDGE

Submitted by:

WILLIAM C. KILLIAN
United States Attorney

By: *[signature]*
Frank M. Dale, Jr.
Assistant United States Attorney

*[signature]*
Kelly Louise Fitzmaurice
Defendant

*[signature]*
Bobby E. Hutson
Attorney for Defendant

4