```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF TENNESSEE
 2       NORTHERN DIVISION, AT KNOXVILLE, TENNESSEE

 3


 4
   United States of America,                    :
 5                                               :
                Government,                      :
 6                                               :
   Vs.                                           :
 7                                              :3:13cr123
   Kelly Louise Fitzmaurice,                     :
 8                                               :
                Defendant,                       :
 9


10
           Transcript of Change of Plea before the
11 Honorable Thomas A. Varlan on Wednesday,
   February 12, 2014.
12

13 APPEARANCES:

14
                    ON BEHALF OF THE GOVERNMENT:
15
                    Frank Dale
16                  Assistant U.S. Attorney

17

18                  ON BEHALF OF THE DEFENDANT:

19                  Bobby Hutson
                    Assistant Federal Defender
20

21

22                  Jolene Owen, R.P.R.
               800 Market Street, Suite 131
23                  P.O. Box 2201
               Knoxville, Tennessee, 37901
24                  (865) 384-6585

25
```

1

1          THE COURT:  Let's call up the next case,

2     please.

3          COURTROOM DEPUTY:  Criminal action 3:13cr123,

4     United States of America versus Kelly Fitzmaurice.

5          Frank Dale is here on behalf of the government.

6     Is the government present and ready to proceed?

7          MR. DALE:  Present and ready, Your Honor.

8          COURTROOM DEPUTY:  Bobby Hutson is here on

9     behalf of the defendant.  Is the defendant present and

10    ready to proceed?

11         MR. HUTSON:  Present and ready, Your Honor.

12         THE COURT:  Thank you.  I will begin by asking

13    the United States Attorney to please give us the status

14    of this case.

15         MR. DALE:  Yes, Your Honor.  It's our

16    understanding the defendant wishes to change her plea in

17    this case and enter a plea of guilty.

18         THE COURT:  Thank you.

19         Ms. Fitzmaurice, the Court has been informed

20    you wish to change your plea to a plea of guilty.  If

21    you will please come up to the lectern along with your

22    counsel, we'll begin by having you sworn in by the

23    courtroom deputy.

24              KELLY L. FITZMAURICE

25    was first duly sworn and testified as follows:

2

1          COURTROOM DEPUTY:  Please state and spell your

2     name for the record.

3          MS. FITZMAURICE:  Kelly Louise Fitzmaurice,

4     K-e-l-l-y L-o-u-i-s-e F-i-t-z-m-a-u-r-i-c-e.

5          THE COURT:  Ms. Fitzmaurice, before I accept

6     your guilty plea, there are a number of questions I need

7     to ask you to assure that your plea is valid.

8          Do you understand that you are now under oath

9     and that if you answer any of my questions falsely, your

10    answers may later be used against you in another

11    prosecution for perjury or making a false statement?

12         MS. FITZMAURICE:  Yes, sir, I understand.

13         THE COURT:  You have given us your name.  Do

14    you go by any other names?

15         MS. FITZMAURICE:  No, sir.

16         THE COURT:  How old are you, please?

17         MS. FITZMAURICE:  33.

18         THE COURT:  How far did you go in any

19    schooling?

20         MS. FITZMAURICE:  Graduated.

21         THE COURT:  From?

22         MS. FITZMAURICE:  High school.

23         THE COURT:  At the present time any

24    difficulties reading or writing?

25         MS. FITZMAURICE:  No, sir.

3

1              THE COURT:  Have you ever suffered from or been

2    treated for any mental health illness or addiction to

3    narcotic drugs of any kind?

4              MS. FITZMAURICE:  No, sir.

5              THE COURT:  Have you taken any drugs, medicine,

6    pills, or alcoholic beverages of any kind within the

7    last 24 hours?

8              MS. FITZMAURICE:  No, sir.

9              THE COURT:  Do you understand what's happening

10    her today?

11              MS. FITZMAURICE:  Yes, sir.

12              THE COURT:  Mr. Hutson, do you consider the

13    defendant competent to enter a plea of guilty to the

14    charged offense?

15              MR. HUTSON:  I do, Your Honor.

16              THE COURT:  Ms. Fitzmaurice, have you received

17    a copy of the Indictment?

18              MS. FITZMAURICE:  Yes, sir.

19              THE COURT:  Have you had ample opportunity to

20    discuss the charges against you and your case with your

21    lawyer?

22              MS. FITZMAURICE:  Yes, sir.

23              THE COURT:  Have you told your lawyer

24    everything you know about this case?

25              MS. FITZMAURICE:  Yes, sir.

4

1       THE COURT:  Do you believe that your lawyer is

2  fully aware of all of the facts on which the charges are

3  based?

4       MS. FITZMAURICE:  Yes, sir.

5       THE COURT:  Has your lawyer advised you as to

6  the nature and meaning of the charges?

7       MS. FITZMAURICE:  Yes, sir.

8       THE COURT:  Has your lawyer specifically

9  advised you as to the elements of the offenses charged

10  which the government must prove beyond a reasonable

11  doubt?

12       MS. FITZMAURICE:  Yes, sir.

13       THE COURT:  Has your lawyer advised you as to

14  any defense you may have to the charges?

15       MS. FITZMAURICE:  Yes, sir.

16       THE COURT:  Has your lawyer explained the terms

17  of the plea agreement to you?

18       MS. FITZMAURICE:  Yes, sir.

19       THE COURT:  Have you and your lawyer discussed

20  any maximum possible penalty, including any

21  imprisonment, fine and term of supervised release, as

22  well as any mandatory minimum penalty?

23       MS. FITZMAURICE:  Yes, sir.

24       THE COURT:  Have you and your lawyer discussed

25  any applicable forfeiture, the Court's authority to

5

1   order restitution and obligation to impose a special

2   assessment?

3           MS. FITZMAURICE:  Yes, sir.

4           THE COURT:  Are you satisfied with the advice

5   your lawyer has given you?

6           MS. FITZMAURICE:  Yes, sir.

7           THE COURT:  Mr. Hutson, are you satisfied that

8   the defendant understands the charges?

9           MR. HUTSON:  I am, Your Honor.

10          THE COURT:  As well as the elements of the

11  offenses charged and the legal meaning of the words used

12  in the Indictment and in the Plea Agreement?

13          MR. HUTSON:  Yes, Your Honor.

14          THE COURT:  Next, Ms. Fitzmaurice, I need to

15  talk to you about certain constitutional rights that you

16  waive or give up by pleading guilty.

17          Do you understand that you have a right to

18  plead not guilty to any offense charged against you and

19  to persist in that plea?

20          MS. FITZMAURICE:  Yes, sir.

21          THE COURT:  Do you understand that you would

22  then have the right to a trial by jury during which you

23  would also have the right to the assistance of counsel

24  for your defense?

25          MS. FITZMAURICE:  Yes, sir.

6

1          THE COURT:  Do you understand you would have

2     the right to see and hear all the witnesses and have

3     them cross examined in your defense, as well as the

4     right on your own part not to testify, unless you chose

5     to do so in your own defense?

6          MS. FITZMAURICE:  Yes, sir.

7          THE COURT:  And do you understand you would

8     have the right to compel the attendance of witnesses to

9     testify on your behalf?

10          MS. FITZMAURICE:  Yes, sir.

11          THE COURT:  Do you understand that by entering

12    a plea of guilty today, if the plea is ultimately

13    accepted by this Court, there will not be a trial, and

14    that you will have given up the right to a trial of any

15    kind, as well as those other rights associated with a

16    trial that I have described to you?

17          MS. FITZMAURICE:  Yes, sir.

18          THE COURT:  Do you also understand that you are

19    giving up the right not to be compelled to incriminate

20    yourself, that is, the right to remain silent, and the

21    right to require the United States to prove you guilty

22    beyond a reasonable doubt?

23          MS. FITZMAURICE:  Yes, sir.

24          THE COURT:  Ms. Fitzmaurice, has any person,

25    including an officer or agent of the government, put any

7

1    pressure on you, mental or physical, to force you to

2    plead guilty?

3              MS. FITZMAURICE:  No, sir.

4              THE COURT:  Has any person, including an

5    officer or agent of the government, made promises to you

6    or suggested that you will receive a lighter sentence or

7    other form of leniency by pleading guilty?

8              MS. FITZMAURICE:  No, sir.

9              THE COURT:  Let's look now at some of the

10   provisions of your Plea Agreement.  Do you understand

11   under the Plea Agreement you are agreeing to forfeit to

12   the United States all assets and property listed in

13   Paragraph 8 of the Plea Agreement, specifically a

14   laptop, computer and charger?

15             MS. FITZMAURICE:  Yes, sir.

16             THE COURT:  Do you also understand, as set

17   forth in paragraph 9 of the Plea Agreement, you agree

18   the Court shall order restitution for any loss caused to

19   the victims of any offense charged in this case?

20             MS. FITZMAURICE:  Yes, sir.

21             THE COURT:  Next, as set forth in paragraph

22   3(e) of the Plea Agreement, do you understand you and

23   the government have agreed that various sentencing

24   enhancements are applicable to your offenses, including

25   those related to material involving a prepubescent minor

8

1 or a minor that has not attained the age of 12 years

2 related to -- another provision related to material

3 portraying sadistic or masochistic conduct or other

4 descriptions of violence and other guideline provisions

5 pertaining to the use of the computer and pertaining to

6 the number of images involved in the offense?

7 MS. FITZMAURICE: Yes, sir.

8 THE COURT: Do you also understand that you and

9 the government have agreed that Sentencing Guideline

10 § 2G.2.2(b)(3)(B) pertaining to distribution for receipt

11 of a thing of value is not applicable to your offenses?

12 MS. FITZMAURICE: Yes, sir.

13 THE COURT: Do you also understand, as set

14 forth in Paragraph 12 of the Plea Agreement, you

15 acknowledge you have been advised and understand that

16 under the Sex Offender Registration and Notification Act

17 you must register and keep your registration current in

18 the jurisdiction where you reside or are employed and

19 are a student?

20 MS. FITZMAURICE: Yes, sir.

21 THE COURT: Do you understand that failure to

22 comply with these obligations will subject you to

23 prosecution for failure to register under federal law

24 which is punishable by a fine or imprisonment or both?

25 MS. FITZMAURICE: Yes, sir.

1    THE COURT:  Next I will look at Paragraph 11 of

2    your Plea Agreement.  Do you understand Paragraph 11

3    contains a provision under which you are waiving the

4    right to appeal or collaterally attack your sentence?

5    MS. FITZMAURICE:  Yes, sir.

6    THE COURT:  Paragraph 11(a) provides you agree

7    not to file a direct appeal of your convictions or

8    sentence.  Do you understand that?

9    MS. FITZMAURICE:  Yes, sir.

10   THE COURT:  Do you understand the only

11   exception to this waiver of direct appeal is that you

12   retain the right to appeal a sentence imposed above the

13   sentencing guideline range determined by the court or

14   above any mandatory minimum sentence deemed applicable

15   by the court, whichever is greater.

16   MS. FITZMAURICE:  Yes sir.

17   THE COURT:  Paragraph 11(b) provides that you

18   knowingly and voluntarily waive the right to file any

19   motions or pleadings pursuant to 28 United States Code

20   Section 2255 or otherwise collaterally attack your

21   convictions or resulting sentence.  Do you understand

22   that?

23   MS. FITZMAURICE:  Yes, sir.

24   THE COURT:  Do you understand the only

25   exception to this portion of your waiver is that you

10

1  retain the right to raise by way of collateral review

2  under § 2255 claims of ineffective assistance of counsel

3  or prosecutorial misconduct not known to you by the time

4  of entry of judgement?

5          MS. FITZMAURICE:  Yes, sir.

6          THE COURT:  Do you understand the purpose of

7  Paragraph 11 of your plea agreement is that other than

8  these limited exceptions we have talked about you are

9  otherwise waiving your right to appeal or collaterally

10  attack your sentence?

11          MS. FITZMAURICE:  Yes, sir.

12          THE COURT:  Do you have any questions about

13  this portion of your Plea Agreement?

14          MS. FITZMAURICE:  No, sir.

15          THE COURT:  Mr. Hutson, you do you wish to

16  waive reading of the Indictment?

17          MR. HUTSON:  So waived, Your Honor.

18          THE COURT:  Mr. Dale, if the government will

19  please state its case against the defendant, including

20  the charges, the elements and factual basis for the

21  elements of the charges and the maximum possible

22  punishment.

23          MR. DALE:  Yes, Your Honor.  The defendant is

24  pleading guilty to a two-count indictment.  Count 1 is

25  distribution of child pornography in violation of 18 USC

11

1    § 2252A(a)(2) and Count 2 is possession of child

2    pornography in violation of 18 USC 2252A(a)(5)(B).

3            The punishment for distribution of child

4    pornography as is as follows:

5            Imprisonment for a period of not less than five

6    years and not more than 20 years, a period of supervised

7    release of not less than five years and up to life, a

8    fine of up to $250,000, a special assessment of $100 and

9    forfeiture and restitution in accordance with the law.

10           The punishment for the possession offense is as

11   follows:

12           Imprisonment for a period of not more than ten

13   years, a period of supervised release of not less than

14   five years and up to life, a fine of up to $250,000, a

15   special assessment of $100 and forfeiture and

16   restitution in accordance with the law.

17           The elements of the distribution and receipt of

18   child pornography offense is as follows:

19           The defendant knowingly received child

20   pornography -- I believe this should be in the Plea

21   Agreement, distributed or received child pornography as

22   defined in 18 USC § 2256(8) or material which contains

23   such child pornography and such items of child

24   pornography or material containing such child

25   pornography have been mailed (or using any means or

12

1  facility of interstate or foreign commerce), shipped or

2  transported in interstate or foreign commerce by any

3  means, including by computer; and the defendant knew the

4  items or material constituted or contained child

5  pornography, as defined in 18 USC § 2256(8).

6      And for the possession offense the elements are

7  as follows.  The defendant knowingly possessed child

8  pornography, as defined in 18 USC § 2256(8), or material

9  which contained such child pornography; and such items

10 of child pornography or material containing such child

11 pornography have been mailed (or using any means or

12 facility or interstate or foreign commerce), shipped or

13 transported in interstate or foreign commerce by any

14 means, including by computer.

15     And the defendant knew that such items or

16 material constituted or contained child pornography, as

17 defined in 18 USC § 2256(8).

18     And in support of these elements the United

19 States would offer the following proof as factual basis

20 for this plea.  That on or about April 11th, 2012, the

21 defendant engaged in an online chat through the

22 Gigatribe service on the Internet with an FBI

23 investigator who was acting in an undercover capacity.

24     During this chat the defendant provided the

25 investigator with a password that permitted access to

13

1   files from the defendant's commuter.

2          Using the access that the defendant had

3   provided the investigator downloaded files and videos of

4   child pornography including those depicting the anal,

5   vaginal or oral penetration of prepubescent females and

6   toddlers.

7          The GigaTribe profile for the account

8   maintained by the defendant provided the defendant's

9   correct date of birth, the first name Kelly and stated

10  the following:  "I am a closet pedo, I guess you can

11  say.  I love pthc and can't seem to get enough.  Really

12  seems to be an addiction.  lol I love to have no age

13  limit chats, usually on Yahoo (grn, eyed).  My fave age

14  range is 0-10 on.  Want to know more, just ask."

15         Based upon identification of the defendant's

16  Internet Protocol or IP address, as associated with the

17  online activities described above, the investigators

18  found she resided in Pigeon Forge, Tennessee within the

19  Eastern District of Tennessee.

20         A federal search warrant was executed at the

21  defendant's residence in Pigeon Forge on May 22nd, 2012,

22  and defendant agreed to speak with the agents.  The

23  defendant stated that she used Gigatribe for

24  approximately a year and she searched for content

25  involving underage children and toddlers.

14

1          The defendant told the agents she had

2    approximately 60 pictures of children and approximately

3    20 videos.

4          A forensic examination of the defendant's Acer

5    laptop computer found 28 videos and 277 images of child

6    pornography including depiction of known child victims

7    and sexually explicit images of prepubescent children

8    and portrayals of sadistic or masochistic content.

9          I would note for the Court that on page 2 it

10   should read "distribution and receipt of child

11   pornography."  In the first paragraph the defendant

12   knowingly distributed child pornography.

13         THE COURT:  Let's make sure we are clear.

14   Page 2 of the Plea Agreement.

15         MR. DALE:  Yes, sir.

16         THE COURT:  The (a) and (b) underlined.

17         MR. DALE:  Since this is a distribution

18   offense.

19         THE COURT:  (a) should actually read --

20         MR. DALE:  Distribution of child pornography.

21         MR. HUTSON:  I believe that is correct, Your

22   Honor.

23         THE COURT:  (b) should read -- b is correct,

24   possession.

25         MR. DALE:  (b) is correct, Your Honor.

15

1      THE COURT:  You are saying the underlying

2 "description" to correspond with the count should read

3 distribution, as opposed to "receipt of child

4 pornography."

5      MR. DALE:  That is correct.

6      MR. HUTSON:  Your Honor, that is how Count 1 is

7 indicted in this case.

8      MR. DALE:  I believe in the first paragraph,

9 paragraph (a)(1) should read, "the defendant knowingly

10 distributed child pornography," as opposed to "knowingly

11 received child pornography."

12      THE COURT:  Do you agree with that, Mr. Hutson?

13      MR. HUTSON:  Yes, Your Honor.

14      THE COURT:  Ms. Fitzmaurice, do you understand

15 those changes that are being made?

16      MS. FITZMAURICE:  Yes, Your Honor.

17      THE COURT:  Do you have any questions about

18 that?

19      MR. DALE:  I apologize for not catching those

20 earlier.

21      THE COURT:  Thank you.

22      Returning to you, Ms. Fitzmaurice, did you hear

23 the government's case against you?

24      MS. FITZMAURICE:  Yes, sir.

25      THE COURT:  Do you agree with the government's

Case 3:13-cr-00123-TAV-JEM   Document 34   Filed 04/01/16   Page 16 of 24
PageID #: 153

1  summary of what you did?

2          MS. FITZMAURICE:  Yes.

3          THE COURT:  More particularly, do you agree

4  with all the facts outlined in your Plea Agreement and

5  by the government here today in court?

6          MS. FITZMAURICE:  Yes.

7          THE COURT:  Do you understand you are pleading

8  guilty to Count 1 of the Indictment, that being, as we

9  just discussed, distribution of child pornography?

10         MS. FITZMAURICE:  Yes.

11         THE COURT:  Do you understand the elements of

12 this charge against you, as outlined by the government

13 today and in your Plea Agreement?

14         MS. FITZMAURICE:  Yes.

15         THE COURT:  Do you understand the maximum

16 possible penalty for this offense in Count 1, as well as

17 any mandatory minimum?

18         MS. FITZMAURICE:  Yes, sir.

19         THE COURT:  Particularly as set forth in

20 paragraph -- in your Plea Agreement.  Do you understand

21 the punishment for this offense is a term of

22 imprisonment of at least five years up to 20 years,

23 supervised release of five years up to life, a fine of

24 up to $250,000, forfeiture, restitution and a $100

25 special assessment?

17

1                    MS. FITZMAURICE:  Yes.

2                    THE COURT:  As to Count 1 of the Indictment,

3    that is the distribution of child pornography charge

4    charging you with violation of 18 United States Code

5    Section 2252A(a)(2) and (b)(1), how do you plead?

6                    MS. FITZMAURICE:  Guilty.

7                    THE COURT:  Do you understand you are also

8    pleading guilty to Count 2, that is, possession of child

9    pornography?

10                   MS. FITZMAURICE:  Yes, sir.

11                   THE COURT:  Do you understand the elements of

12   this charge against you, as outlined by the government

13   today and in your Plea Agreement?

14                   MS. FITZMAURICE:  Yes, Your Honor.

15                   THE COURT:  Do you understand that the penalty

16   you face for this charge, again, as set forth in

17   Paragraph 1(a) of your Plea Agreement, the punishment

18   being a term of imprisonment of up to ten years,

19   supervised release of five years up to life, a fine of

20   up to $250,000, forfeiture, restitution and a $100

21   assessment?

22                   MS. FITZMAURICE:  Yes, sir.

23                   THE COURT:  As to the possession of child

24   pornography charge, Count 2 of the indictment charging

25   you with violation of 18 United Sates Code

                                18

1  §§ 2252A(a)(5)(B) and (b)(2), how do you plead?

2            MS. FITZMAURICE:  Guilty.

3            THE COURT:  As to both Counts 1 and 2, do you

4  understand what you are pleading guilty to?

5            MS. FITZMAURICE:  Yes, sir.

6            THE COURT:  You are you offering to plead

7  guilty because you are in fact guilty?

8            MS. FITZMAURICE:  Yes, sir.

9            THE COURT:  Ms. Fitzmaurice, if your plea is

10 accepted, you will be adjudged guilty of a felony, and

11 this may deprive you of valuable civil rights such as

12 the right to vote, to hold public office, to serve on a

13 jury and to possess any kind of firearms.

14           The Court also advises you that the Court is

15 required to consider any applicable sentencing

16 guidelines, but may vary from those guidelines under

17 some circumstances.

18           Have you had the opportunity to discuss with

19 your attorney the possible application of these advisory

20 guidelines to your case?

21           MS. FITZMAURICE:  Yes, sir.

22           THE COURT:  The Court further advises you that

23 should it accept your plea of guilty, your sentence

24 could be enhanced or increased due to any prior

25 convictions you may have.

1    In addition, if the Court accepts your plea, a
2  judgment of conviction will result and this conviction
3  in this case may be used against you in the future, if
4  you should be convicted in any subsequent proceeding to
5  enhance or increase any sentence you might receive for
6  any future offenses that you might commit.

7    In other words, your guilty plea in this case
8  could hurt you in the future in the event of future
9  wrongdoing.  Do you understand that?

10    MS. FITZMAURICE:  Yes, sir.

11    THE COURT:  Do you also understand you will not
12  be permitted to withdraw your plea on the basis of the
13  sentence you might receive?

14    MS. FITZMAURICE:  Yes.

15    THE COURT:  The Court notes that the government
16  has not made any agreement to recommend a particular
17  sentence, and that your sentence, therefore, is to be
18  determined by the Court in conformity with any
19  appropriate sentencing factors, including any applicable
20  sentencing guidelines.

21    The Court will not be able to determine an
22  appropriate sentence until it has received the
23  Presentence Report, which you and the government will
24  have an opportunity to consider and challenge the facts
25  in the report.

1          In addition and under some circumstances, the

2    government may have the right to appeal the sentence

3    imposed by this Court.

4          The Court advises you that parole in the

5    federal system has been abolished, and if you are

6    sentenced to prison, you will not be released on parole.

7          Ms. Fitzmaurice, are you presently on probation

8    as to any previous offense or on parole from any jail or

9    penal institution?

10          MS. FITZMAURICE:  No.

11          THE COURT:  The Court is also required to

12    inform you that as a condition of any period of

13    supervised release that might be imposed in this case,

14    such supervised release will be revoked should you be

15    found in possession of any controlled substance or a

16    firearm.  This revocation is now mandatory under federal

17    law.  Knowing these various penalties, do you still wish

18    to plead guilty?

19          MS. FITZMAURICE:  Yes, sir.

20          THE COURT:  The Court has observed the

21    appearance of this defendant and her responsiveness to

22    the questions asked.  Based upon these observations and

23    answers the Court finds that the defendant, Kelly

24    Fitzmaurice, is in full possession of her faculties and

25    competent to plead guilty.

21

1    The defendant is not under the influence of
2  narcotics, or other drugs or alcohol; the defendant
3  knowingly waives her constitutional rights to trial and
4  other rights accorded to persons accused of crime.

5    The factual basis for the guilty plea has been
6  established and the defendant understands the nature and
7  elements of the offenses to which the plea is offered
8  and the maximum and minimum penalties provided by law
9  for the offenses.

10   The defendant has offered to plead guilty
11 knowingly and voluntarily.

12   Accordingly, the plea of guilty will be
13 accepted and the defendant is hereby adjudged guilty of
14 violating 18 USC §§ 2252A(a)(2) and (b)(1), that is, on
15 or about April 11, 2012, within the Eastern District of
16 Tennessee the defendant knowingly distributed child
17 pornography that had been shipped and transported in and
18 affecting interstate and foreign commerce by any means,
19 including by computer.

20   The defendant is also hereby adjudged guilty of
21 violating 18 United States Code §§ 2252A(a)(5)(B) and
22 (b)(2). That is, on or about May 22, 2012, within the
23 Eastern District of Tennessee the defendant knowingly
24 possessed a computer disk containing three or more
25 images of child pornography, which images had been

22

1    transported in interstate commerce and foreign commerce

2    by any means, including by a computer and that had been

3    produced using materials, mailed and shipped and

4    transported in and affecting interstate and foreign

5    commerce by any means, including by a computer.

6              Ms. Fitzmaurice, do you understand you will be

7    asked to give information to the probation officer for

8    the Presentence Report, and you may have your attorney

9    present with you at that time, if you wish?

10             MS. FITZMAURICE:  Yes, sir.

11             THE COURT:  You and your attorney will be

12   permitted to read the Presentence Report before the

13   sentencing hearing.  The parties are directed to local

14   rule 83.9(c) with respect to the filing of the

15   presentence report in CM/ECF and responses thereto, as

16   well as local rule 83.9(j) with respect to the filing of

17   motions and/or sentencing memoranda prior to the

18   sentencing hearing date.

19             Ms. Fitzmaurice, you are advised both you and

20   your attorney will be able to speak on your behalf at

21   the sentencing hearing which I understand we'll set for

22   Thursday May 22 at 11:00 a.m., subject to any

23   calendaring changes.  I understand the defendant will

24   remain detained pending sentencing.

25             Any other matters to bring up, Mr. Dale, on

1   behalf of the government?

2           MR. DALE:  Nothing at this time, Your Honor.

3   Thank you.

4           THE COURT:  Mr. Hutson, on behalf of the

5   defendant?

6           MR. HUTSON:  No, thank you, Your Honor.

7           THE COURT:  We'll stand in short recess.  Thank

8   you.

9           (Court was recessed.)

10      I CERTIFY THAT THE FOREGOING IS AN ACCURATE
    TRANSCRIPT OF THE RECORD OF PROCEEDINGS IN THE
11  ABOVE-ENTITLED MATTER.

12

13                    _____
                      JOLENE OWEN.
                      Registered Professional Reporter
14                    United States District Court
                      Eastern District of Tennessee
15

16

17

18

19

20

21

22

23

24

25

24