UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| KELLY LOUISE FITZMAURICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:13-CR-123-TAV-HBG-1 |
| | ) | 3:16-CV-53-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This is a pro se prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Doc. 30[1]]. Respondent responded, asserting that the motion is time-barred, among other things [Doc. 35]. For the following reasons, the § 2255 motion [Doc. 30] will be **DENIED** as time-barred, and this action will be **DISMISSED**.

On June 3, 2014, in accordance with Petitioner's plea agreement [Doc. 13], the Court entered a judgment against Petitioner on one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) [Doc. 26]. Petitioner did not appeal this conviction. Instead, on January 6, 2016, Petitioner filed the instant § 2255 motion [Doc. 30 p. 11].

Title 28 United States Code § 2255(f) provides, in relevant part:

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

---

[1] All citations to the record refer to Petitioner's criminal file.

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As Petitioner did not file an appeal of the Court's judgment against her, her conviction became final when she failed to do so within fourteen days of the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed). Accordingly, Petitioner's conviction became final on June 17, 2014, and she had one year from that date (specifically until June 17, 2015) to file a timely § 2255 motion. But as set forth above, Petitioner did not file her § 2255 petition until January 6, 2016, which was more than a year and a half after the Court entered its judgment against her [Doc. 30 p. 11]. Petitioner's § 2255 motion is therefore time-barred unless she is entitled to equitable tolling.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to

2

her case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that she is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day.").

Petitioner has given no satisfactory argument about why she is entitled to equitable tolling. In the portion of her § 2255 motion relating to the timeliness of the motion, Petitioner states that she filed "this appeal [sic] late because [she] had been trying to get in touch with [her] attorney to see what the appeal process involves but [she] got no response from [her] attorney, so [she] filed this [her]self" [*Id.* at 10]. Nothing in this assertion, however, explains why Petitioner waited more than a year and a half after the Court entered its judgment against her to file a motion for relief under § 2255. Even if counsel failed to file an appeal despite Petitioner's request, as Petitioner also alleges in her § 2255 motion, and Petitioner got no response from her attorney regarding the process for filing an appeal, prisoners have no constitutional right to counsel for post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). Further, a prisoner's lack of knowledge regarding the applicable statute of limitations is insufficient to entitle the prisoner to equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) ("ignorance of the law alone is not

3

sufficient to warrant equitable tolling"). Thus, Petitioner has not established that she was diligently pursuing her rights or that any extraordinary circumstance prevented her from timely filing a § 2255 motion.

Accordingly, Petitioner's § 2255 is untimely, and Petitioner is not entitled to equitable tolling. Petitioner's § 2255 [Doc. 30] will therefore be **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must now determine whether a certificate of appealability should be granted. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

                        s/ Thomas A. Varlan
                        CHIEF UNITED STATES DISTRICT JUDGE